IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CREATIVE MONTESSORI LEARNING CENTER, | ) ) ) | |
| Plaintiff, | ) ) | No. 09 C 3963 |
| v. | ) ) | Judge Gettleman |
| ASHFORD GEAR LLC, | ) ) | Magistrate Judge Cole |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff has requested an order designating two documents as "Confidential" pursuant to the Protective Order entered on February 24, 2010. That order allows a party to designate as confidential non-public material containing "information related to a trade secret, customer lists, non-public pricing information, personal or consumer information, including Social Security numbers or consumer credit report, confidential research or any other information subject to a legally protected right to privacy." The Protective Order provides that the parties or other persons may bring before the court the question of whether any particular document is confidential.

There are two documents for which confidential status is sought. The first is a letter dated March 19, 2009, which is a form letter addressed "To Whom It May Concern"and which introduces the firm of Anderson and Wanca and inquires about the interest the recipient might have in participating in a certain kind of case. The Motion describes the letter as "proprietary and non-public marketing material of Plaintiff's attorneys," and the defendant describes it as a "solicitation letter." The name counts for little. It is a contradiction in terms to say that a letter designed to market services to potentially interested members of the public is "non-public." The second document is

the form letter, addressed to the entity that became the plaintiff in this case and containing a handwritten response from the plaintiff's Director on the face of the letter. The defendant has objected to the motion on the grounds that the designation of confidentiality is untimely – by a day – and that in any event, the documents do not qualify for confidential treatment.[1]

By definition, that which is exposed to the public is not confidential and thus not within the ambit of a protective order that seeks to guard trade secrets or other kinds of confidential information. *See Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1001 (1984)("If an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, his property right is extinguished."); *Rockwell Graphic Systems, Inc. v. DEV Industries, Inc.*, 925 F.2d 174, 179 (7th Cir.1991). *Compare Florida v. Riley,* 488 U.S. 445, 457 (1989) ("There is no reasonable expectation of privacy in an area that is exposed to the public"). In short, since "[c]onfidential information, to be protectable, must be confidential," *Curtis 1000 v. Suess,* 24 F.3d 941, 947 (7th Cir.1994), the letter to Creative Montessori Learning is not within the ambit of the Protective Order. And since the form letter was intended to be sent to potentially interested members of the public, it cannot be deemed a confidential document. *Compare United States v. Lawless,* 709 F.2d 485, 487 (7th Cir.1983)(Information provided to an attorney with the expectation that it be provided to third parties loses any claim to attorney-client privilege protection).

---

[1] In other contexts, even a day's delay can be fatal. *See, e.g., Brosted v. Unum Life Insurance Co. of America,* 421 F.3d 459 (7th Cir.2005). However, the question of whether the slight delay in this case precludes the defendant from being able to designate the letters as confidential need not be reached since the documents are not confidential. However, it would seem particularly inappropriate to penalize a party for being a day late if the designation of confidentiality were otherwise proper.

2

It is useful to recall Judge Posner's panel opinion in *Citizens First Nat. Bank of Princeton v. Cincinnati Insurance. Co.*, 178 F.3d 943, 945-946 (7th Cir. 1999), which stressed the importance of public access to court proceedings even where discovery materials are involved:

> The order that the district judge issued in this case is not quite so broad as "seal whatever you want," but it is far too broad to demarcate a set of documents clearly entitled without further inquiry to confidential status.
>
> * * *
>
> We are mindful of the school of thought that blanket protective orders ("umbrella orders"), entered by stipulation of the parties without judicial review and allowing each litigant to seal *all* documents that it produces in pretrial discovery, are unproblematic aids to the expeditious processing of complex commercial litigation because there is no tradition of public access to discovery materials. [Citations omitted]. The weight of authority, however, is to the contrary. Most cases endorse a presumption of public access to discovery materials, [citations omitted], and therefore require the district court to make a determination of good cause before he may enter the order.

*See also United Auto v. Veluchamy*, 2010 WL 889980 (N.D.Ill. 2010).

This leaves the question of whether the hand-written statements by the Director of Creative Montessori Learning, which appear on the March 19, 2009 letter, which he sent back to the Anderson and Wanca firm, are entitled to confidential designation and/or whether they may be deemed attorney/client communications and thus privileged. Those questions need not be answered since counsel for the defendant has represented that they will redact the handwriting on the March 19th letter if they should make any further dissemination of the letter. That promise is binding. *Cf. Charter House Insurance Brokers, Ltd. v. New Hampshire Insurance Co.*, 667 F.2d 600, 604 (7th Cir.1981)("an attorney's promise in open court to produce certain documents 'could be treated as the equivalent of an order' for Rule 37(b) purposes.").

3

One further point deserves mention. Counsel for the defendant informed plaintiff's counsel that he would make no further dissemination of the questioned letters until plaintiff's counsel had time to apply to the court for relief. That is the way lawyers ought to conduct themselves, and counsel is to be commended for his professionalism in this regard.[2] The Motion to Designate Documents Confidential [67] is denied.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

DATE: 4/8/10

---

[2] The motion represents that defense counsel informed plaintiff's counsel that "he has already provided copies of the Letters to defense attorneys around the country who are defending similar cases, and that he intended to continue to do so...." (Motion at 2). The reality is that lawyers in every specialty share information in cases with their colleagues who are involved in like cases. Whatever else may be said, the defendant's dissemination of the letters in this particular case is not prohibited by the February 24th Protective Order.