IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CREATIVE MONTESSORI LEARNING CENTER, | ) ) ) | |
| Plaintiff, | ) ) | No. 09 C 3963 |
| v. | ) ) | Judge Robert W. Gettleman |
| ASHFORD GEAR, LLC, JACK BURNS, and BRIAN REEVES, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Creative Montessori Learning Center ("CMLC") has brought this two count amended putative class action complaint against defendants Ashford Gear, LLC, Jack Burns ("Burns"), and Brian Reeves ("Reeves") for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 42 U.S.C. §227, and conversion pursuant to 735 ILCS 5/2-801. Defendants Burns and Reeves have moved to dismiss plaintiffs' claim for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). For the reasons discussed below, defendants' motion to dismiss is granted in part and denied in part.

## BACKGROUND

Plaintiff alleges that, on or about June 7, 2006, and June 14, 2006, defendants faxed two advertisements to at least the 40 putative class members without any authority or permission to do so. Allegedly, Burns and Reeves, on behalf of Ashford Gear, authorized 22,000 unsolicited faxes to be sent out by a New York corporation, Business to Business Solutions ("Business to Business") to plaintiff and other class members. As a result, plaintiff alleges it suffered a loss of time, paper, and ink toner.

Plaintiff is an Illinois corporation with its principal place of business in the Northern District of Illinois. The allegedly unsolicited facsimiles were received in Illinois and various other states. Defendant Ashford Gear, LLC is a California limited liability company that is owned by two parent companies, Ashford Textiles, LLC and Aqsis Corporation. Ashford Gear's principal place of business that it shares with its parent companies is located in California. Defendant Burns is the partial owner and shareholder of Ashford Textiles and defendant Reeves is the partial owner and shareholder of Aqsis Corp. At all relevant times, both Burns and Reeves were general managers of Ashford Gear. Burns was in charge of finance and Reeves was in charge of advertising. Burns and Reeves have never resided, been employed, operated or transacted business, held any professional licenses, or been involved with any prior litigation in the state of Illinois, and are currently residents of the state of California.

## DISCUSSION

Burns and Reeves have moved to dismiss the complaint, arguing that this court lacks personal jurisdiction over them. Plaintiff bears the burden of establishing a prima facie case of personal jurisdiction. Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002). When determining whether personal jurisdiction exists over a defendant, "the allegations in the complaint are to be taken as true unless controverted by the defendants' affidavits; and any conflicts in the affidavits are to be resolved in [the plaintiff's] favor." Turnock v. Cope, 816 F.2d 332, 333 (7th Cir. 1987).

When determining whether the court has personal jurisdiction over a defendant in a federal question action the court must ask: (1) does hailing this defendant into this court accord with the principles of the due process clause of the Fifth Amendment; and (2) does this court

2

have the power to serve the defendant. United States v. Martinez De Ortiz, 910 F.2d 376, 381 (7th Cir. 1990); Merrill Lynch Business Financial Services, Inc. v. Marais, D.D.S., 1995 WL 608573 at *3 (N.D. Ill. 1995).

In federal question cases "due process requires only that each party have sufficient contacts with the United States as a whole rather than any particular state." Martinez De Oritz, 910 F.2d at 382. Under this standard, as in the instant case, most federal question actions that raise the issue of personal jurisdiction proceed directly to the amenability of service inquiry. Marais, 1995 WL 608573 at *4.

Fed. R. Civ. P. 4(k) provides that service of summons establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state in which the district court is located, or when authorized by a federal statute. The TCPA does not authorize nationwide service of process in private actions. 47 U.S.C. § 227. Consequently, this court has personal jurisdiction over Burns and Reeves only if an Illinois state court would have personal jurisdiction over them.

An Illinois state court has personal jurisdiction when authorized by: (1) the Illinois long-arm statute; (2) the Illinois Constitution; and (3) the Due Process Clause of the Federal Constitution. Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 939 (7th Cir. 2000). Illinois' long-arm statute authorizes courts to exercise jurisdiction to the fullest extent allowed by the Illinois and Federal Constitutions. 735 ILCS 5/2-209(c); Hyatt, 302 F.3d at 714. Because there is no "operative difference" between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction, the inquiry collapses into an examination of whether jurisdiction over defendants complies with

the test as set forth in International Shoe Co. v. Washington, 326 U.S. 310, 316, (U.S. 1945), which requires that defendants have minimum contacts with Illinois "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice."

How that standard is applied depends on whether plaintiff is asserting "general" or "specific" jurisdiction. In the instant case, plaintiff asserts specific jurisdiction over defendants Burns and Reeves. Specific jurisdiction refers to instances where the suit arises "out of or [is] related to the defendant's contacts with the forum." Id. To determine whether a claim relates to or arises out of a party's contacts, "past contacts should either bear on the substantive legal dispute between the parties or relate to the operative facts of the case." GCIU-Employer Ret. Fund v. Goldfarb Corp., 565 F.3d 1018, 1023 (7th Cir. 2009). Thus, "the action must directly arise out of the specific contacts between the defendant and that forum state." RAR, Inc. v. Turner Diesel, 107 F.3d 1272, 1276 (7th Cir. 1997).

Specific personal jurisdiction over defendants is proper, therefore, only if they have purposely established minimum contacts within Illinois and those contacts are sufficient, under traditional standards, to make jurisdiction reasonable and fair under the circumstances. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476, (U.S. 1985). The crucial analysis is whether defendants should have reasonably anticipated being haled into court in Illinois because they purposely availed themselves of the privilege of conducting activities here. Id.

The TCPA provides that it is unlawful for "any person" within the United States to send unsolicited advertisement facsimiles. 47 U.S.C. § 277(b)(1)(C). To assert jurisdiction over defendants Burns and Reeves, plaintiff argues that each is liable for directing Ashford Gear to send the faxes and, consequently, each has committed a tort in Illinois, where the faxes were

4

received and where the injury occurred. Under <u>Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club, Limited Partnership</u>, 34 F.3d 410, 411-12 (7th Cir. 1994), the state in which the injury occurs is the state in which the tort occurs, and "someone who commits a tort in [the forum state] should, one might suppose, be amenable to suit there." <u>See</u> also <u>Vlasak v. Rapid Collection Systems, Inc</u>., 962 F.Supp. 1096, 1100 (N.D. Ill. 1997) (tortious act for purposes of personal jurisdiction includes any act that constitutes a breach of duty to another imposed by law.).

To counter this argument, Burns and Reeves rely on <u>Flexicorps Inc. v. Benjamin & Williams Debt Collectors, Inc.</u>, 2007 WL 1560212 (N.D. Ill. 2007), in which the court held that it lacked personal jurisdiction over the owner/shareholder of the corporate defendant accused of blast faxing advertisements in violation of the TCPA. The court rejected the argument that it had jurisdiction simply because the individual defendant was the owner of the corporate defendant, and the plaintiff had failed to present any evidence that the individual defendant had personally directed the corporation's activities. "Plaintiff, for example, could have taken the deposition of [the defendant's] employees to determine [the owner's] role in the day-to-day operation of [the defendant]. It is not enough that [the owner] had a controlling interest in [the defendant]." <u>Id</u>. at *3.

Unlike in <u>Flexicorps</u>, Burns and Reeves have been deposed, and an examination of those depositions reveals different levels of involvement with Ashford Gear. Burns testified that his day-to-day activity with Ashford Gear involved payroll and taxes and most financial aspects of the corporation. These activities required him to sign a multitude of checks, many of which he authorized without full knowledge of their purpose. With respect to the specifics of the instant

5

case, the only evidence of his involvement is that he signed one $28.00 check payable to Business to Business. This one signature on a $28.00 check is insufficient to assert a claim against him individually under the TCPA and is insufficient to establish the minimum contacts necessary to assert personal jurisdiction over him. Accordingly, Burns' motion to dismiss for lack of personal jurisdiction is granted.

Reeves, however, was much more involved with the day-to-day operations of Ashford Gear in general and with the specific conduct alleged in the instant complaint. He admittedly created the majority of the unsolicited facsimile advertisements, corresponded directly with Business to Business, and was in possession of the names and fax numbers of some, if not all, of the recipients. These facts are sufficient to allege an individual violation of the TCPA by Reeves under 42 U.S.C. § 227, Texas v. American Blastfax, Inc., 164 F. Supp.2d 892, 897-99 (W.D. Tex. 2001), and are thus sufficient to support the assertion of personal jurisdiction over him.

Although there is evidence that Reeves had been assured on multiple occasions by Business to Business that any and all recipients had given permission to receive the advertisements, and that Business to Business had created the lists of recipients, that merely suggests that Reeves may have a defense or perhaps a third party action against Business to Business. It does not, however, defeat this court's personal jurisdiction over him. Reeves personally made the decision to transmit the facsimiles, rather than simply following a corporate directive, and he stands to benefit personally from his actions as a shareholder of one of Ashford Gears' parent companies. Coupled with the fact that he may be personally liable under the Act and, as a result may have personally committed a tort in Illinois, apart from the corporation's involvement, he is not protected by the fiduciary shield doctrine. C.S.B. Commodities, Inc., v.

Urban Trend (HK) Ltd., 626 F. Supp.2d 837, 848-49 (N.D. 2009).  Accordingly, defendant Reeves' motion to dismiss is denied.

## CONCLUSION

For the reasons discussed above, defendants' motion to dismiss is granted as to defendant Burns and denied as to defendant Reeves.  Reeves is ordered to answer the complaint on or before September 24, 2010.  This matter is set for a report on status on September 29, 2010 at 9:00 a.m.


**ENTER:**     **September 2, 2010**

_____
**Robert W. Gettleman
United States District Judge**

7